MARTIN BROOKS *et al.* v. SILAS N. BROOKS, *as Administrator of the estate of Calvin K. Brooks, deceased.*

1. PROBATE COURT—*Power of Judge to Correct Records.* The claim of a creditor against an estate was duly allowed and ordered to be paid by the probate court, but the probate judge neglected to make a complete entry of the allowance and order of payment. After payment had been made, and another probate judge had succeeded to the office, it was discovered that no entry had been made of the order. Upon motion, a *nunc pro tunc* order was made authorizing the entry of the allowance and order for payment which had been made by the former probate judge. *Held,* That there was power in the court to correct the records so that they should speak the truth.

2. EVIDENCE *Sustains Findings.* The evidence examined, and found to be sufficient to sustain the findings and judgment of the court.

*Error from Rooks District Cout.*

FROM the order of final settlement of the accounts of *Silas N. Brooks,* as administrator of the estate of Calvin K. Brooks, deceased, *Martin Brooks* and James Brooks, heirs of decedent, appealed to the district court. The order of settlement was there affirmed, and appellants bring error.

*W. B. Ham,* for plaintiffs in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from an order of the probate court of Rooks county making final settlement with Silas N. Brooks, administrator of the estate of Calvin K. Brooks, deceased, and discharging him and his sureties from all liability on account of the administration bond. The case was submitted to the court without a jury, and it appeared that at the time of the death of Calvin K. Brooks he was indebted to various parties in about the sum of $1,000. Included in this indebtedness was one note for $850, dated January 4, 1881, due one year after date, drawing interest at 10 per cent. per annum from date, and payable to George W. Brooks. The only property of the estate was a quarter sec-

tion of land in Rooks county, and the administrator obtained
an order of the court authorizing the sale of this real estate,
with which to pay the debts of the estate. The land was
sold under this order for the sum of $1,000. The claim
of George W. Brooks against the estate was presented for
allowance to the probate court in 1885, when D. H. Budd
was probate judge, and the administrator, at the time be-
ing present in court, waived formal notice of the presen-
tation of the claim, and upon investigation thereof it was
duly allowed by the court, and the administrator was di-
rected to use the proceeds of the sale of the real estate
in the payment of the claim. At the time of the allow-
ance, the court failed to make any entry of the proceed-
ings upon its journal or other record, except a brief entry in
the record of the presentation of claims. On May 25, 1889,
and while John Mullen was probate judge, Silas N. Brooks,
as administrator of the estate, presented the accounts to the
probate court and asked for a final settlement of the estate,
and no record of the allowance of the claim of George W.
Brooks being found, a *nunc pro tunc* order was made by Judge
Mullen, authorizing the entry of the allowance and order for
payment made by Judge Budd of the claim of George W.
Brooks. This *nunc pro tunc* order was spread at length upon
the records by the former incumbent of the office, Judge
Budd.

We think the evidence abundantly sustains the finding of
the court that the claim of George W. Brooks was a just and
legal charge against the estate, and that it was legally pre-
sented and allowed by the court in 1885. The failure of the
probate court to make a complete entry of the allowance and
order of payment will not deprive the administrator of a
credit for the payment of the claim made under the order of
the court. The court has a continuing power over its records,
and an unquestioned authority to make them speak the truth.
The failure to enter the order which the probate court had
actually made was not due to the negligence of the adminis-
trator, and he should not be deprived of his legal rights by

the omission of the probate judge to discharge the duties imposed on him by law.

While there were some irregularities in the administration, there is nothing to indicate wrongdoing by the administrator or the judge of the probate court. Substantial justice appears to have been done in the case, and, as we find no material error, the judgment of the district court will be affirmed.

All the Justices concurring.