## No. 17,384.

STOREY *v.* SHUMAKER ET AL.

(279 P. [2d] 1057)

Decided February 14, 1955.

MR. EDWARD H. SHERMAN, for plaintiff in error.

Mr. A. E. SMALL, JR., for defendants in error.

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN a proceeding filed by defendants in error Helen M. Shumaker and John C. Shumaker for the adoption of Pamela Ann Storey, a final decree of adoption was issued in favor of said defendants in error on September 5, 1953. Plaintiff in error, mother of the child, herein referred to as the mother, by writ of error seeks to set aside said adoption decree.

The record herein discloses that on January 19, 1951, John C. Shumaker filed in the county court of Jefferson county what is denominated a petition in dependency, in which it was alleged that the minor child was a dependent and neglected child "for the reasons following, to-wit: failing to provide proper parental care and proper support."

On August 20, 1952, without notice to the mother, the court determined that the said minor was a dependent and neglected child and she was placed in the custody of the court with the care and control placed in Mr. and Mrs. John C. Shumaker, defendants in error, until further order of the court.

The next day, on August 21, 1952, defendants in error filed a petition for the adoption of said minor child, alleging "that the custody of said child has been given by proper order of court to the Jefferson County Court, with care to petitioners."

On September 24, 1952, Robert G. Fleming, as counsel for the mother, filed in said dependency proceeding a motion to vacate the order of dependency dated August 20, 1952, because no notice or citation in said matter was

ever served upon the mother. Counsel for the mother on September 24, 1952, filed a motion to stay proceedings in the adoption matter, alleging that said adoption case "is based upon the validity of certain orders entered in the dependency proceeding, Civil Action No. 10371, in which the minor child herein was found to be a dependent and neglected child."

On September 30, 1952, under the same docket number as the original dependency case, another petition in dependency was filed by defendants in error alleging they had been caring for the minor child and that "the mother of the child has left said child with petitioners for most of the child's life. * * * The mother of the child has failed to provide support of said child or to show any affection for said child." On the same date a citation to the mother was issued, based upon this second dependency petition, and service thereof was accepted by Robert G. Fleming, as attorney for the mother. Hearings were held on this second dependency petition on October 9, 1952, and October 15, 1952, at which hearings the mother and her counsel were present and participated. After taking of evidence and arguments of counsel, the court by written order declared said child dependent and neglected and placed the custody of said child in the county court of Jefferson county, with temporary care and control given to defendants in error. A motion for new trial of these issues was overruled on January 7, 1953.

On March 25, 1953, the court entered an interlocutory decree of adoption awarding said minor child to petitioners on their petition filed August 21, 1952. It is admitted no written consent to such adoption was executed by the mother, or any other person. This decree of adoption became final on September 5, 1953. Present counsel for the mother on November 21, 1953, filed a motion to revoke or annul the adoption decree, alleging in substance that the court was without jurisdiction to make any order of adoption concerning said minor, and that no written consent, as provided by law, was executed by the mother,

and that she was never advised of the pendency of said adoption petition or the date of hearing thereon. To this motion defendants in error filed a "motion to dismiss" the same, alleging it did not state facts sufficient to warrant the relief sought, and that the rights of the mother to said child were by said dependency proceeding divested "in toto." Upon the hearing of this motion to dismiss, counsel for the mother made an offer to prove she did not have notice or knowledge of the adoption proceeding, and did not consent to the same, which offer of proof was denied.

No reporter's transcript of the evidence in any of these proceedings is before us.

The petition for adoption of the child, filed August 21, 1952, recited "That the custody of said child has been given by proper order of Court to the Jefferson County Court, with care to Petitioners." This petition in adoption was predicated on the previous dependency order which, obviously, was invalid because no notice was ever given the mother who, under our statutes, was entitled to appear and resist the dependency petition. Section 4, chapter 3, '35 C.S.A. Apparently counsel for defendants in error realized the invalidity of the first order declaring the child dependent and neglected, and a new petition in dependency was filed pursuant to which the October, 1952, order of dependency was entered, *after* the petition in adoption had been filed.

Did the filing of the second petition in dependency and the order issued thereon obviate the necessity of obtaining the mother's consent to the adoption, or notice to her of the time and place of hearing, in said adoption proceeding? The question must be answered in the negative.

■■ When the petition in adoption was filed, there was no valid order of dependency. Without such a valid order, under the petition for adoption as presented, the consent of the mother was essential, and not being filed with that petition, the court was without jurisdiction to enter the decree of adoption, and its jurisdiction was no

greater because of the subsequent order of dependency based on a new petition. The adjudication of dependency entered subsequent to the filing of the petition in adoption could not give vitality to the adoption petition.

██ The status of the record at the time the petition for adoption was filed determined the steps to be taken, the consents required, and the persons to be served with citation or notice. Adoption proceedings are governed by chapter 106, S.L. Colo. 1949. Dependency proceedings are governed by chapter 33, '35, C.S.A.

█ These proceedings are statutory and as they affect substantial rights there must be a substantial compliance with the provisions of the legislative enactment. Such a compliance must appear of record. It cannot be ignored. *Foley v. Carnesi,* 123 Colo. 533, 232 P. (2d) 186. When the adoption was filed no relinquishment or consent by the mother accompanied the petition and no valid order of dependency had been entered. The mother was not notified of the adoption proceeding by actual service, or otherwise.

█ If a parent is to be forever divested of all rights to his child, there must be a compliance with the statutory requirements, and before acting on a petition in adoption the trial court should ascertain that the consents and notices necessary to confer jurisdiction were filed.

The trial court erred in refusing to vacate the decree of adoption. The judgment is, therefore, reversed and the cause remanded with direction to vacate the adoption decree.