402 P.2d 942

Daniel John MAYER and Roberta Lea Mayer,
Petitioners-Appellees,

v.

DEPARTMENT OF PUBLIC WELFARE
of the State of New Mexico, Re-
spondent-Appellant.

No. 7589.

Supreme Court of New Mexico.

June 7, 1965.

Earl E. Hartley, Atty. Gen., Julia C. Southerland, Sp. Asst. Atty. Gen., Santa Fe, for appellant.

Dale B. Dilts, Albuquerque, for appellees.

CHAVEZ, Justice.

Appellant Department of Public Welfare appeals from a decree of adoption entered by the lower court in favor of appellees.

The undisputed facts show that appellees are husband and wife and are seeking to adopt Donald Ellis Bloodworth, a child born April 13, 1957, to appellee Roberta Lea Mayer and Ellis Bloodworth during their marriage. Roberta Lea Mayer was divorced from Ellis Bloodworth on January 24, 1958, and subsequently married appellee Daniel John Mayer. The divorce decree awarded custody of the child to Roberta Lea Mayer, who was born, resided and domiciled in New Mexico at all times prior to her marriage to Daniel John Mayer. When appellees were married they resided in Bernalillo County, New Mexico, near Kirtland Air Force Base where Daniel Mayer was stationed, until December 1960, when he was transferred to Japan. Appellees have continuously resided in Japan since that time and were living there when this petition was filed. Donald Ellis Bloodworth, the child sought to be adopted, has lived with appellees since their marriage.

Appellees state that, upon Daniel Mayer's discharge from the armed forces, it is their intention to return to New Mexico and make New Mexico their place of abode, residence and domicile.

During the hearing in the trial court appellant moved to dismiss the petition for want of jurisdiction, which motion was overruled. The decree of adoption was entered, from which the Department of Public Welfare appeals.

The pertinent statute in adoption proceedings is § 22–2–1, N.M.S.A., 1953 Comp., which provides:

"Any bona fide resident of this state, or any nonresident related to the child to be adopted not more remotely than in the third degree, may petition for a decree of adoption or of re-adoption of a minor child under twenty-one [21] years of age, living within the state at the time the petition is filed."

Appellant's second point is dispositive of this appeal. Under this point appellant contends that the district court erred in granting the decree of adoption, because it does not have jurisdiction of an adoption petition where the minor child sought to be adopted is not living within the state at the time the petition to adopt is filed.

The statute requires that the child be living within the state at the time the petition is filed. It is appellees' contention that when military personnel are sent overseas they remain a resident of the state in which they last resided and, as such, are "living" within the state. Appellees argue that were this not true then appellees would be barred from adopting this child until the air force transfers them back to a residence in the United States.

The delay in adopting the child is but a temporary hardship. When appellee returns from his overseas duty to New Mexico, and establishes a home with his

wife and child, with intention to make his residence in this state, he may then proceed with the adoption. In adoption proceedings, where jurisdiction is not involved, a statute must be construed so as to promote the welfare of the child. Heirich v. Howe, 50 N.M. 90, 171 P.2d 312. Here jurisdictional problems are involved, but regardless of this it is apparent that to vacate the adoption decree will not affect the child's welfare. It will only temporarily delay the time when the child will legally belong to appellees.

Reviewing the provisions of our adoption statute relating to this case, and noting particularly §§ 22–2–1; 22–2–3; 22–2–7; 22–2–8; and 22–2–9, N.M.S.A., 1953 Comp., we are convinced that the child must be present and living in New Mexico at the time the petition for adoption is filed. The above sections require such supervision and control by the state in adoption proceedings that, were we to allow this adoption decree to stand, we would nullify the execution of those provisions. If, as appellant suggests, the agencies of other states could perform the functions of these provisions, then that is a matter for the legislature.

Section 22–2–1, supra, states that the petitioners must be "bona fide residents" of the state and that the child must be "living" within the state at the time the petition for adoption is filed. The legislature used "resident" as the requirement for the petitioners, but within the same provision the child's requirement is to be "living" within the state at the time the petition for adoption is filed. We believe the legislature intended the words "resident" and "living" to be strictly interpreted. Adoption proceedings are solely statutory and the jurisdictional requirement of the statute must be strictly followed. Heirich v. Howe, supra.

We hold that under our statute the child sought to be adopted must be living within the state at the time the petition for adoption is filed. Since the child was living in Japan with appellees when the petition for adoption was filed, the trial court erred in granting the decree of adoption, since the district court lacked jurisdiction.

The cause is reversed and remanded to the district court with direction to set aside the decree of adoption heretofore entered and enter an order dismissing appellees' petition.

It is so ordered.

NOBLE and MOISE, JJ., concur.