540 P.2d 1274

**Joan Marie LEE, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA and the Honorable Jack G. Marks, Judge thereof, and Donna Lou HOENNINGER and Augustine Richard Hoenninger, III, Real Parties in Interest herein, Respondents.**

**No. 2 CA–CIV 1947.**

Court of Appeals of Arizona,
Division 2.

Oct. 7, 1975.

Rehearing Denied Nov. 17, 1975.

Review Denied Dec. 16, 1975.

John William Johnson, Reuben Moses Emanuel, Tucson, for petitioner.

Bachstein & Coffey, P. C., by George V. Coffey, Jr. and Harry S. Bachstein, Jr., Tucson, for respondents real parties in interest.

OPINION

KRUCKER, Judge.

Did the respondent court err in denying a motion to vacate a decree and order of adoption? That is the question presented in this special action. Since we are of the opinion that the appeal remedy is inadequate, we assume jurisdiction and grant relief.

Briefly, the record reflects the following. Petitioner is the natural mother of the subject minor child. The real parties in interest are the child's natural father and his second wife. On April 24, 1974, a petition for leave to adopt the minor child was filed which recited the pertinent facts required by A.R.S. § 8–109. It also recited that the affidavit of parent's consent by which the natural mother consented to the adoption would be filed with the court at or prior to the hearing on the petition. A

copy of the petition, notice of hearing, and the original and one copy of the affidavit of parent's consent were mailed to petitioner by certified mail—return receipt requested.[1] A cover letter was enclosed with the foregoing documents in which the attorney who prepared them advised petitioner:

> "Enclosed herewith is an Affidavit of Parent's Consent which, if signed by you, authorizes the adoption by Mrs. Hoenninger of Ricky. Also enclosed herewith are the Petitions for Adoption and Notice of Hearing on the Petition for Adoption in this matter.
>
> If you would please sign the Affidavit of Parent's Consent and return it to me at your earliest convenience, the adoption proceedings would proceed smoothly and be accomplished in approximately six months. If you have any questions in regard to the above, please contact me at your earliest convenience."

As indicated by the return receipt, Mrs. Lee received these documents on April 25, 1974. Shortly thereafter she mailed them back to the attorney with a letter which stated:

> "I am returning the papers you sent in regards to the adoption of my son Ricky by Donna Hoenninger. At this time I feel it necessary to refuse to sign such papers. All the papers are enclosed unsigned."

On September 23, 1974, in the chambers of Judge John P. Collins, the testimony of Capt. and Mrs. Hoenninger regarding the adoption of the minor child was taken. Perpetuation of this testimony was necessary because the father was temporarily transferred to an Air Force school in Alabama. At this hearing the following colloquy between the court and counsel occurred:

> "THE COURT: Okay. Now, the affidavit of Parent's Consent that would be filed at the time of the hearing will be filed at the time of the regular hearing or do you have to file that?
>
> MR. SMITH: The affidavit of Parent's Consent, we thought we could get; but apparently we are not going to be able to get from the natural mother. So I'm going to ask the Court to authorize the adoption.
>
> THE COURT: You are going to serve her?
>
> MR. SMITH: She has already been served, and I'll have my affidavit of service in shortly. As a matter of fact, within the next couple of days."

The court indicated that if there was no contest of the adoption at the scheduled November 4, 1974 hearing, and the adoption examiner's report was in favor of the adoption, and if nothing came to the court's attention to the contrary, the court would sign the adoption order "as a matter of course." In other words, if the adoption examiner approved the adoption and no one contested the matter, based on the perpetuated testimony the adoption decree would be signed.

On November 4 the hearing on the adoption petition was held by the respondent judge. The return of service upon the mother was filed in open court, the adoption examiner testified, and the decree and order of adoption were signed. The decree recited in pertinent part that no consent to adopt was filed, that all parties interested and affected by the adoption had been served with process in the manner provided by law, that the allegations of the petition were true, and the court found that the adoption was in the best interest of the child and that all the requirements of Art. 1, Ch. 1, Title 8 of Vol. 2 of the Arizona Revised Statutes had been met.

In late December, 1974, Mrs. Lee came to Tucson from New York where she resided and when attempting to exercise her visitation rights with her son, first learned of the adoption. Her attempt to appeal the adoption decree failed because it was not

---

1. Petitioner resided in Liverpool, New York.

timely. She thereupon filed a motion to vacate the decree pursuant to Rule 60(c), Rules of Civil Procedure. The record reflects that the "reasonable time" requirement of Rule 60(c) was satisfied, and since the record shows the judgment was void, the respondent court erred in denying Mrs. Lee's motion to set aside the adoption decree.

A.R.S. § 8–106 provides:

"A. No adoption shall be granted unless consent to adopt has been obtained and filed with the court from the following:

1. From both natural parents, if living, except in the following cases:

(a) Consent is not necessary from a parent who has been declared incompetent.

(b) Consent is not necessary from a parent whose parental rights have been judicially terminated.

(c) Consent is not necessary from a parent who has previously consented that an agency or the divison place the child for adoption.

(d) Consent is not necessary from a father who is not married to the mother of the child both at the time of its conception and the time of its birth, unless the father under oath has acknowledged parentage in a document filed with the court or with the agency or division at or prior to the time the petition is filed, or unless the parentage of the father has been previously established by judicial proceedings.

\*　\*　\*　\*　\*　\*

C. Notwithstanding the provisions of § 8–533 the court may waive the requirement of the consent of any person required to give consent when after a hearing on actual notice to all persons adversely affected the court determines that the interests of the child will be promoted thereby. In such case, the court shall make written findings of all facts upon which its order is founded. . . ."

Adoption statutes, being in derogation of the common law, must be strictly construed. *Anguis v. Superior Court,* 6 Ariz.App. 68, 429 P.2d 702 (1967); *Westerlund v. Croaff,* 68 Ariz. 36, 198 P.2d 842 (1948). Therefore, compliance with the statutory provisions governing adoption is mandatory. *Allen v. Huffman,* 135 Colo. 1, 307 P.2d 802 (1957).

A.R.S. § 8–104 mandates parental consent except in certain specifically enumerated instances. Parental consent is a jurisdictional prerequisite in the absence of a showing of the existence of the specific statutory conditions or exceptions rendering consent unnecessary. *In re Barnett's Adoption,* 54 Cal.2d 370, 6 Cal.Rptr. 562, 354 P.2d 18 (1960); *In re Adoption of Nelson,* 202 Kan. 663, 451 P.2d 173 (1969); *Leonard v. Leonard,* 88 Idaho 485, 401 P. 2d 541 (1965); *Nevelos v. Railston,* 65 N. M. 250, 335 P.2d 573 (1969); *Storey v. Shumaker,* 131 Colo. 131, 279 P.2d 1057 (1955).

Mrs. Lee, the natural mother of the adoptive child, had not been declared incompetent, her parental rights had not been judicially terminated, nor had she previously consented that an agency place the child for adoption. Therefore, under A.R.S. § 8–106(A), her consent was a jurisdictional prerequisite to the adoption. A.R.S. § 8–106(C), however, confers jurisdiction upon the court to waive the requirement of such consent. In *Nevelos v. Railston,* supra, it is stated:

"Nevertheless, it must always be remembered that before the court can properly consider the merits of an adoption proceeding as to the welfare of the children, the question of the consent or the waiver thereof on behalf of the natural parent must be determined. Actually, the court has no right to consider the merits or demerits of an adoption petition insofar as it concerns the welfare of a child, unless it has in the first instance determined that the consent of a natural parent may be dispensed with. [Citations omitted].

**58**

The relationship between parent and child is a bundle of human rights of such fundamental importance that it is generally held that consent is at the very foundation of adoption statutes and that adoption statutes being in derogation of common law are to be construed strictly in favor of the parent and the preservation of the relationship. [Citations omitted]." 335 P.2d at 576.

A.R.S. § 8–106(C) has a built-in safeguard for a nonconsenting parent before the court may exercise its discretion to waive the consent requirements, i. e., "actual notice to all persons adversely affected." Mrs. Lee received notice of a hearing on the petition for adoption. The petition, however, did not contain any allegations that her consent was unnecessary. In fact, it alleged the contrary—that her consent would be filed with the court.

The legislature intended that the natural parents have an opportunity to be heard before having their rights to their child declared forfeited. Mrs. Lee did not receive the notice required by A.R.S. § 8–106(C) that waiver of her consent to the adoption would be determined by the court. We are of the opinion and so hold that consent or its procedural equivalent, notice, are jurisdictional. *Leonard v. Leonard*, supra. Since Mrs. Lee did not receive the requisite notice, the adoption decree was void and her motion to vacate it should have been granted.

The order denying petitioner's motion is vacated with directions to enter an appropriate order consistent herewith.

HOWARD, C. J., and HAIRE, J., Division One, concurring.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge LEVI RAY HAIRE was called to sit in his stead and participate in the determination of this decision.