118 Ariz. 111 (1978)
575 P.2d 310
In the Matter of the APPEAL IN PIMA COUNTY, ADOPTION OF B-6355 AND H-533.
J.B. CLARK, Jr., Appellant,
v.
James Austin CURRAN and Carolynn Ann Curran, Appellees.
No. 13112-PR.
Supreme Court of Arizona, In Banc.
January 13, 1978.
Rehearing Denied February 28, 1978.
*112 Hocker & Gilcrease by Glynn W. Gilcrease, Jr., Tempe, for appellant.
James D. Whitney, Tucson, for appellees.
Lieberthal & Kashman, by David H. Lieberthal, Tucson, for minor children.
HOLOHAN, Justice.
A petition to adopt the three sons of appellant J.B. Clark, Jr. was filed by appellees James Austin Curran and Carolynn Ann Curran. Appellant Clark opposed the adoption by filing a refusal to consent to adoption, and he also filed a petition for a writ of habeas corpus to obtain custody of his three sons. On November 18, 1975, after a hearing the court entered an order granting the petition to adopt as to Tom and Philip but denying the petition as to Joe. Appellant Clark's habeas corpus petition was granted as to Joe. Appellant Clark filed a timely motion for a new trial which was denied on January 8, 1976, and on February 2, 1976, appellant filed his notice of appeal and affidavit in lieu of bond, appealing the order of the court granting the adoption of his sons, Tom and Philip. The Court of Appeals reversed the judgment of the Superior Court granting the adoption of Philip and Tom Clark and ordered that appellant's petition for a writ *113 of habeas corpus be granted as to them. Clark v. Curran, 575 P.2d 326 (Ariz. App.) (No. 2 CA-CIV 2144, filed January 25, 1977). We granted the petition for review by appellees.
Appellant J.B. Clark, Jr. is the natural father of Joseph Don Clark, Thomas Jackson Clark and Philip Ray Clark. The three sons were born as issue of his marriage to Edith Clark now Edith Caballero, the natural mother of the children. In July, 1966, a decree of divorce was entered in Tarrant County, Texas, which awarded custody of the children to the natural mother, with rights of reasonable visitation to appellant.
During the following years, the mother of the children placed them for extended periods of time with appellant and his present wife because the mother was unable to provide for them, and the appellant had not paid the child support required in the divorce decree. In addition, the boy Tom presented a special problem because of his deafness. In late July, 1973, the mother, at the request of appellant's current wife, picked up the children because the appellant was not able to support the children. The evidence discloses that the appellant was chronically unemployed, and his second family was often supported by public assistance.
After the mother took the children from appellant she placed them in the temporary custody of the Texas State Welfare Department because she was without funds to support them. Sometime thereafter she arranged to send the three boys to Arizona to the home of the appellees. The placement with the appellees was made with the consent of the natural mother and the acquiescence of the Texas State Welfare Department. In September of 1973, the Pima County Superior Court appointed the appellees as guardians of the three boys.
In October, 1973, when appellant learned that his sons had been sent out of state, he secured an attorney who filed a petition in the Texas courts to have the natural mother held in contempt for interfering with appellant's visitation rights. Service of notice of the contempt action was made upon the attorney who had represented the mother in the Texas divorce action. A contempt hearing was apparently never held, and the matter remained pending up to and including the time the adoption proceedings were held in this state.
Approximately one year later after the boys had been placed with them, the appellees filed a petition to retain custody of the children pending action on their application for certification as persons suitable to adopt children. See A.R.S. §§ 8-105, 106. The petition to retain custody was granted and later the appellees were certified as suitable persons to adopt children. On March 4, 1975, the petition to adopt was filed. In all proceedings prior to the actual adoption petition, no notice had been given to appellant. Appellant did, however, receive notice of the petition to adopt and appeared in opposition.
Appellees urge that the appeal be dismissed because the notice of appeal was untimely under Rule 25, Rules of Procedure for the Juvenile Court, 17A A.R.S.[*]See also Matter of Maricopa County, Juv.Act. No. JS-834, 26 Ariz. App. 485, 549 P.2d 580 (1976). It is argued that Rule 1 of the Rules of Procedure for the Juvenile Court provides that those rules govern the procedure for all matters in the Juvenile Court. Since the adoption statute, A.R.S. § 8-101(6), has placed jurisdiction of adoption matters in the Juvenile Court, appellees contend that A.R.S. § 8-122, providing that an appeal in an adoption matter shall be governed by the same provisions applicable to appeals from the Superior Court, was superseded by the issuance of this court's rules governing appeals from the Juvenile Court. Rule 24 et seq., Rules of Procedure for the Juvenile Court 17A A.R.S.
Under the Arizona Constitution, Article VI, Section 5(5), the power to make *114 rules relative to all procedural matters in any court is vested exclusively in this court. We do not, however, find a conflict between A.R.S. § 8-122 and the appellate provisions of the rules for Juvenile Courts. The matters dealt with in the rules for Juvenile Court are those listed in Article VI, Section 15 of the Arizona Constitution. The foregoing constitutional provision deals with the grant of exclusive authority by the Superior Court in all proceedings and matters affecting dependent, neglected, incorrigible, or delinquent children or children under the age of eighteen who are accused of crime. Adoption matters are not included either in the foregoing constitutional provision nor were they intended to be included within the rules for the Juvenile Court. We hold that appeals in adoption matters are governed by the same rules applicable to appeals in civil cases.
Applying the time limits for appeal in civil matters there is no question but that the notice of appeal was filed timely.
Appellant next contends that his due process rights were violated because of lack of notice in the guardianship and temporary adoption proceedings. It is claimed that these preliminary proceedings strengthen the appellees' position while eroding appellant's right to maintain, protect and preserve the parent-child relationship. Appellant's position is without merit. None of these preliminary matters have any bearing on the merits of the case. The primary purpose of the pre-adoption certification and investigation is to inquire into the fitness of the prospective adoptive parents and the suitability of the child's placement with them. It has nothing to do with the issue of terminating parental rights. See A.R.S. § 8-105; In re Adoption of Krueger, 104 Ariz. 26, 31, 448 P.2d 82, 87 (1968). Similarly, as to the guardianship proceeding, the appellees with the consent of the mother who had legal custody, were given the right to act for the children for a limited period. The crucial matter affecting the parent-child relationship was the adoption proceeding. Since appellant had notice and a full hearing, there was no denial of due process.
Appellant next contends that the original petition for adoption did not include all the elements required by A.R.S. § 8-109(A)(8). Appellant contends that because the original petition failed to give notice that his children were neglected or that his consent was unnecessary the adoption is void. See Lee v. Superior Court, In and For County of Pima, 25 Ariz. App. 55, 540 P.2d 1274 (1975). Although the original petition for adoption was defective in several respects we find it was cured by the amended petition which stated:
"... It is the position of the petitioners that it is in the best interests and best for the welfare of the children that the consent of the father not be required. It is the further position of the petitioners that the natural father has neglected the said children in the past."
Appellant's reliance on Lee is misplaced. In Lee the natural mother refused to consent to the adoption but made no effort to resist the action. Furthermore, in Lee there were no contested proceedings nor was there an amendment to the petition to adopt to indicate that consent was not necessary. Under those circumstances, the court held that the mother did not receive the requisite notice and the adoption decree was void. However, in the instant case a full hearing was in fact held and the natural parent appeared and was heard in an adversary contest. In addition, any defects in the original petition for adoption were cured by the amendment to the original petition.
Appellant next urges that the Juvenile Court lacked jurisdiction of the petition to adopt because appellant had invoked the continuing jurisdiction of the Texas court under the divorce decree. It must be noted that although petitioner filed a contempt action in Texas he did not pursue the matter, and there was no ruling by a Texas court on the issue. It must also be noted that adoption proceedings and custody proceedings are separate and distinct matters although the interests involved may overlap. See Lee v. Kepler, 197 So.2d 570 (Fla. *115 App. 1967); In re Burton's Adoption, 147 Cal. App.2d 125, 305 P.2d 185 (1956); In re Adoption of Moriarty, 260 Iowa 1279, 152 N.W.2d 218 (1967).
Arizona courts by statute have jurisdiction of adoption when the child is present within this state. A.R.S. § 8-102. Similarly, Arizona courts have jurisdiction to terminate the parent-child relationship when the child involved is present in the state. A.R.S. § 8-532(A). Recently we have had occasion to discuss the distinction between lack of jurisdiction and nonexercise of jurisdiction. McNeal v. Mahoney, 117 Ariz. 543, 574 P.2d 31 (filed December 16, 1977). In McNeal we pointed out that even though the statute might give a court jurisdiction in a custody matter, our courts should continue to refuse to exercise jurisdiction over a child custody matter when the child's presence in Arizona was secured by means of kidnapping or wrongful retention. The children in the present case were brought to Arizona with the consent of their mother and with the authorization of Texas authorities. The mother's actions were not designed to deprive the appellant of his parental rights. The circumstances of the children, which were largely caused by the failure of the appellant to support them, caused the mother to seek a suitable placement for their benefit. It thus appears that the placement of the children with appellees was a legitimate and proper placement for the benefit of the children and not for any wrongful purpose. Under such conditions the Juvenile Court had jurisdiction by statute, and it was proper for that court to exercise that jurisdiction.
Finally, appellant attacks the sufficiency of the evidence to support the Juvenile Court's finding that appellant had neglected his sons. In considering the evidence it is well settled that an appellate court will not substitute its own opinion for that of the trial court. In re Adoption of Baby Boy, 106 Ariz. 195, 472 P.2d 64 (1970). The findings of the trial court will be upheld unless there is no reasonable evidence to support them. Matter of Pima County, Severance Action No. S-110, 27 Ariz. App. 553, 556 P.2d 1156 (1976); Anonymous v. Anonymous, 25 Ariz. App. 10, 540 P.2d 741 (1975).
Although there was no formal petition or judgment pursuant to the statutes dealing with the termination of parent-child relationship, A.R.S. § 8-531 et seq., the basis for the waiver of the requirement of consent by the father was his alleged neglect of the boys. Under the amended petition the court proceeded to hear the petition to adopt without the consent of the father pursuant to A.R.S. § 8-106(C) which at the time of the hearing provided:
"Notwithstanding the provisions of § 8-533 the court may waive the requirement of the consent of any person required to give consent when after a hearing on actual notice to all persons adversely affected the court determines that the interests of the child will be promoted thereby. In such case, the court shall make written findings of all facts upon which its order is founded."
Although the above cited section allowed the court to waive the requirements of consent of a parent to promote the interests of the child, this power must be read in connection with the whole statutory system concerning the relationship of child and parent and having due regard for the constitutional rights of the parent. The standard of what promotes the interests of the child is not an arbitrary or vague matter. It is understood that the best interests of the child necessarily include consideration of the rights of the parents. Parental rights cannot terminate without consent until the unfitness of the parent is proven. Caruso v. Superior Court in and for County of Pima, 100 Ariz. 167, 412 P.2d 463 (1966). In the instant case the trial judge applied the same standard as would have been required for a termination of parental rights under A.R.S. § 8-533. See also A.R.S. § 8-531(9) defining neglect of a child.
Although the evidence at the hearing was in dispute in some instances, there was substantial evidence to support the conclusions of the trial judge. The care and *116 direction of the children was below the norm, but the trial court was more concerned with the failure of appellant to exert any reasonable effort to secure employment to support his children. The appellant had not paid child support as required by the decree of divorce. It is true that he had custody of the children for periods of time, but in the last instance he required the mother to take the children although she would receive no support for them from him, and she did not have the means to support them.
The trial court also concluded that the child Tom had been subjected to neglect. The boy had been deaf from birth, but he was in all other respects normal. Appellant had failed to secure medical advice or other assistance for the child. The boy's development had been substantially retarded due to neglect. It was not until the child came into the school system that any real effort was made upon his behalf. Thereafter he was sent to a special education program provided by the State of Texas for the deaf. The trial court found that appellant, even after this development, did not make any reasonable effort to assist the child or to attempt to learn sign language so he could communicate with his son.
From a review of the record there was substantial evidence to support the conclusions of the trial court that the actions of appellant constituted neglect as that term is defined in the statutes. From the foregoing the trial court was justified in waiving the consent of appellant and granting the petition of appellees to adopt the minor children Tom and Philip. The decision of the Court of Appeals is vacated, and the judgment of the Superior Court is affirmed.
CAMERON, C.J., STRUCKMEYER, V.C.J., and HAYS and GORDON, JJ., concurring.
NOTES
[*] The appellant's notice of appeal would be untimely if the 15-day time period prescribed by Rule 25 was followed.