647 P.2d 1181

In the Matter of the Appeal in PIMA COUNTY JUVENILE ACTION NO. B–8736.

No. 2 CA–CIV 4310.

Court of Appeals of Arizona, Division 2.

April 23, 1982.

Review Denied June 8, 1982.

Ann M. Haralambie, Tucson, for appellants.

Price & Price by J. Timothy Price, Tucson, for appellees Grandparents.

Edith A. Croxen, Tucson, for appellee Minor Child.

OPINION

BIRDSALL, Judge.

Appellants have brought this appeal to challenge the trial court's denial of their petition to adopt and the granting of appellees' petition. The minor child involved was born on July 31, 1979. Appellants, friends of the child's parents, filed a dependency petition on October 15, 1979. The parents admitted the allegations of the petition and an adjudication of dependency resulted. Appellants were given guardianship of the child, who had previously been placed with them. She remained in their custody until February 8, 1980. While appellants remained her legal guardians, the child went to live with her mother and appellees, her maternal grandparents, in Mexico City on February 8, 1980. On March 21, the mother committed suicide. On April 6, 1980, the father signed a consent for appellants to adopt the child under A.R.S. § 8–106. The child was returned to Tucson on April 7, 1980, and has continued to reside with appellants since that time.

Appellants were certified to adopt the child on April 23, 1980, and on April 25, they petitioned to adopt her. Three days later, they were granted custody pending the adoption hearing. Several days prior to the finalization of appellants' adoption decree, appellees sought to intervene. On December 9, 1980, they were permitted to do so by Judge Pro Tempore William L. Berlat, who declared the residency requirement of A.R.S. § 8–103 unconstitutional. Thereafter, appellees, who are residents of Mexico, filed a petition to adopt the child and, after a contested hearing on the two adoption petitions, appellants' petition was denied and appellees' was granted. Judge Pro Tempore Walter U. Weber, who presided over the contested hearing, denied appellants' renewed motion to dismiss appellees' petition to adopt because of their nonresidency.

A.R.S. § 8–103 states:

"Any adult resident of this state, whether married, unmarried or legally separated is eligible to qualify to adopt

children. A husband and wife may jointly adopt children."

As was stated *In re Webb's Adoption*, 65 Ariz. 176, 177 P.2d 222 (1947):

"The right of adoption was unknown to the common law and repugnant to its principles. Such right being in derogation of the common law is a special power conferred by statute and the rule is that such statutes must be strictly construed. (citation omitted)

The jurisdiction to order adoption is vested in the superior court (citation omitted), but before that power may be asserted the facts enumerated in the statute as authorized there should be made to appear. (citation omitted)" 65 Ariz. at 179, 177 P.2d 222.

The juvenile court derives its jurisdiction solely from statute, *In re Appeal in Maricopa County Juvenile Action No. J–74275*, 117 Ariz. 317, 572 P.2d 451 (1977), and compliance with the statutory provisions concerning adoption is mandatory. *Lee v. Superior Court*, 25 Ariz.App. 55, 540 P.2d 1274 (1975). This includes requirements of residency. *In re Adoption of Susan*, 22 N.J.Misc. 181, 37 A.2d 645 (1944); *Mayer v. Department of Public Welfare*, 75 N.M. 201, 402 P.2d 942 (1965); *In re Adoption of Mullins*, 219 Tenn. 666, 412 S.W.2d 896 (1967). *See also* Annot. 33 A.L.R.3d 176. The burden on one seeking to have a statute declared unconstitutional is a very heavy one, *New Times, Inc. v. Arizona Board of Regents*, 110 Ariz. 367, 519 P.2d 169 (1974), and the tribunal should indulge in every intendment to support a law's constitutionality. *Austin v. Campbell*, 91 Ariz. 195, 370 P.2d 769 (1962). In declaring A.R.S. § 8–103 unconstitutional, the judge stated that he was not relying on any legal authorities, statutes or case law. Appellees have cited us no authority to support their position that A.R.S. § 8–103 is unconstitutional and we have found none.

The order granting appellees' petition to adopt and the order denying appellants' petition to adopt are vacated and the case is remanded for further proceedings consistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concur.