NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KAYLA STOCK, *Petitioner/Appellant*,

*v.*

DERRICK BARTON, *Respondent/Appellee*.

No. 1 CA-CV 21-0499 FC
FILED 5-5-2022

Appeal from the Superior Court in Navajo County
No. S0900DO201900051
The Honorable Melinda K. Hardy, Judge

**AFFIRMED**

COUNSEL

Riggs, Ellsworth & Porter PLC, Show Low
By Michael R. Ellsworth
*Counsel for Petitioner/Appellant*

Criss Candelaria Law Office PC, Concho
By Criss E. Candelaria
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Acting Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**C A T T A N I**, Chief Judge:

¶1          Kayla Stock ("Mother") appeals from the superior court's final parenting-time order, which included terms requiring her to permit her child, D.B., to be exposed to Navajo culture, traditional ways, and values.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Mother and Derrick Barton ("Father") are the parents of D.B., born in 2018.  In early 2019, Mother filed a petition to establish legal decision-making authority and parenting time along with a request for temporary orders.  After a hearing, the superior court, on a temporary basis, granted Mother sole legal decision-making authority and Father limited, supervised parenting time.  The court permitted the parties to request further review after 120 days to establish a permanent parenting plan.

¶3          Father timely submitted a proposed parenting-time plan, and the superior court held a hearing.  The court then issued a final parenting-time order that affirmed the previous ruling granting Mother sole legal decision-making authority.  The court noted testimony that Father, a member of the Navajo Nation, had threatened to take D.B. from Mother and move to the Navajo nation where the tribe would give Father full custody of the minor child.  The court also noted Father's concern that Mother was unwilling to permit D.B. to be exposed to Father's Navajo culture and heritage.  Ultimately, the court ordered a permanent parenting plan, which included two paragraphs on "Tradition and Culture":

> The Father and [D.B.] are enrolled members of the Navajo Nation, or eligible for enrollment, and tradition and culture is innate to being a member of the Navajo Nation.  Mother is to expose [D.B.] to Navajo Nation culture[,] traditional ways[,] and values.  Mother is to allow [D.B.] to participate in traditional ceremonies with Father and his family off the

Navajo reservation. Any traditional ceremonies held on the Navajo reservation are optional and if [D.B.] attends, then Mother or Mother's designee shall accompany [D.B.] to and from the Navajo reservation.

Since no just cause was shown that Paternal Grandfather would endanger [D.B.] then Grandfather is permitted to supervise Father and [D.B.]. It is in the cultural best interest of [D.B.] to have Navajo Paternal Grandmother and Grandfather involved in [D.B.]'s exposure to Navajo Nation culture and traditional ways and values. Paternal Grandmother and Grandfather are encouraged to help and support Mother and [D.B.] about Navajo culture[,] traditional ways[,] and values.

**¶4**　　　　Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶5**　　　　Mother challenges the superior court's ruling requiring her to facilitate D.B.'s exposure to the Navajo Tribe's culture, traditional ways, and values. Although Father did not file an answering brief, we decline to deem that failure a confession of error because a minor child's best interests are at issue. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002).

**¶6**　　　　We review parenting-time orders for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). We will not substitute our opinion for that of the superior court, and we will uphold the court's findings unless the record, viewed in the light most favorable to sustaining the order, contains no supporting evidence. *In re Pima Cnty. Adoption of B-6355 & H-533*, 118 Ariz. 111, 115 (1978); *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

**¶7**　　　　Mother argues that neither party raised the issue of exposure to Navajo culture. But the record shows Father raised the issue in his proposed parenting plan. Father asserted that Mother had tried to build a barrier between D.B. and his cultural ties to the Navajo Nation and his Navajo family and had refused to permit members of Father's family to participate in any parenting time in the child's life. Father sought an order authorizing him to travel with the child to the Navajo Reservation during his parenting time. He also sought an order that Mother not interfere or seek to curtail the child's exposure and development in the Navajo culture or religion.

**¶8** Moreover, both parties testified at the hearing about D.B.'s exposure to Navajo culture. Mother testified she thought it was important for the child to learn about his Navajo heritage and stated she has never been opposed to him learning about the Navajo heritage. Mother also expressed concerns, however, about Father taking D.B. to the reservation, explaining that she was not treated fairly because of her race when she was there, and that she was concerned that the tribe would take the minor child from her. Father indicated his desire to take the minor child to the reservation and testified that he and the child could participate in traditional ceremonies and blessings on the reservation, events that the child had not previously experienced. The issue of exposure to Navajo culture was squarely before the court.

**¶9** Mother asserts that A.R.S. § 25-410 permits the superior court to limit the authority of the parent awarded sole legal decision-making only on motion by the other parent and after a hearing on the issue. But here, as noted above, the "limitation" on Mother's authority was made after Father requested consideration of the issue and after a hearing at which both Father and Mother testified. And the ruling does not infringe on Mother's right under A.R.S. § 25-410(A) to determine the child's upbringing. Mother acknowledged the importance of D.B. learning about his Navajo heritage and stated she had never opposed it. Read in conjunction with the court's two-paragraph discussion of culture and tradition, the court's ruling directing that the child be allowed to participate with Father and his family in ceremonies off the reservation merely means that Mother is not to interfere or seek to curtail the child's exposure and development in the Navajo culture. And the ruling addresses Mother's stated concerns by providing that on-reservation Navajo ceremonies are at Mother's option, and that Mother or her designee must be permitted to accompany the child. We find no abuse of discretion.

**CONCLUSION**

**¶10** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4