[Crim. No. 4998.   In Bank.   Nov. 18, 1949.]

THE PEOPLE, Respondent, v. WILLIAM CHARLES
SMITH, Appellant.

Wm. E. Ferriter and S. Lee Vavuris for Appellant.

Fred N. Howser, Attorney General, Clarence A. Linn, Deputy Attorney General, and A. E. Bagshaw, District Attorney, for Respondent.

SHENK, J.—This is an application for an order to direct the court reporter to prepare transcripts in the trial proceedings.   The question is whether under the law a defendant appealing from a judgment of conviction is entitled to the reporter's transcript at the expense of the state.

On November 12, 1948, in the Superior Court in Marin County, the defendant was convicted of a felony (violation of section 4573.5 of the Penal Code, unauthorized bringing into a state prison any drug including benzedrine for the use of prisoners).   He was sentenced and placed on probation for

five years, the first year to be spent in the county jail. He appealed from the judgment of conviction and from an order denying his motion for a new trial. With his notice of appeal he requested, as an addition to the clerk's record, a transcript of the proceedings on motions and all written instructions; and, as an addition to the reporter's transcript, all instructions which could not be copied by the clerk, the opening and closing arguments of the district attorney, and the exhibits. (Rules on Appeal, rule 33(b), 22 Cal.2d 1, 23.) In the request he stated that on the appeal he relied on errors in the giving of instructions and in the refusal to give requested instructions, and on misconduct of the district attorney.

The trial judge denied the defendant the right to the reporter's transcripts on the ground that the defendant had declined to take the pauper's oath. The reporter refused to make any transcription without a court order or the payment of the fees prescribed by section 274 of the Code of Civil Procedure.

The defendant thereupon filed the present application for an order directing the reporter to prepare the normal transcript and the additional transcript pursuant to rules 33(b) and 35(b) of the Rules on Appeal. In support of the application he relies on section 274 of the Code of Civil Procedure, section 1247 of the Penal Code enacted in 1909 as amended and as subsequently incorporated in the Rules on Appeal, and on the recognition of the right to the requested transcripts without cost to him contained in *In re Paiva,* 31 Cal.2d 503 [190 P.2d 604].

The People, relying on *Richards* v. *Superior Court,* 145 Cal. 38 [78 P. 244], decided in 1904, and despite contrary opinions of the attorney general (Atty.Gen.Ops.N.S. 784, 1937; 8 Ops.Atty.Gen. 323, 1947; *cf.,* 4 Ops.Atty.Gen. 258, 1944), contend that the expense of the reporter's transcript on appeal falls on the defendant unless the trial court, exercising a discretion based on the defendant's inability to pay, orders otherwise. No question is raised as to the propriety of the present proceeding for an order directed to the reporter.

Section 269 of the Code of Civil Procedure (Stats. 1903, p. 234, not since amended) provides for phonographic reporters in the superior court who at the request of the court or either party in civil or criminal matters must take down the proceedings and when directed by the court or either of the parties must transcribe the same within a reasonable time and file the transcription with the clerk.

When the Richards case was decided in 1904, section 274 of the Code of Civil Procedure (Stats. 1903, p. 234) stated the fees which the official reporter should receive for his services for reporting and for transcribing, and then provided that in criminal cases the fees for reporting and for transcripts ordered by the court must be paid out of the county treasury; that in civil cases the fees for reporting and for transcripts ordered by the court must be paid by the parties in equal proportions, otherwise by the party ordering the same, and that no reporter could be required to perform services in a civil case until his fees had been paid to him or deposited with the clerk of the court. Changes by amendment to that section do not affect the present inquiry since the pertinent portions have continued substantially the same.

In 1904, section 1246 of the Penal Code provided that a clerk's transcript on appeal be prepared without charge. There was no provision at that time dealing with any duty of the court or the reporter regarding a reporter's transcript in criminal cases except the provision of section 274 of the Code of Civil Procedure.

In the Richards case (1904, *supra,* 145 Cal. 38), the superior court denied the appealing defendant's request for an order to the reporter to prepare the transcript. The defendant applied for the writ of mandate. This court considered section 274 of the Code of Civil Procedure and recognized that when the trial court made an order pursuant to that section the fees to be paid the reporter were a proper charge against the county treasury. But in refusing the writ it was held that the statutory exemption of the defendant from the cost of the transcription depended on court order and that the court had discretion to deny the request when the defendant was able to pay for the service.

In 1909 (Stats. 1909, p. 1084), section 1247 was added to the Penal Code. Then and as amended in 1911 (Stats. 1911, p. 692), the material portions thereof provided that on an appeal a defendant might file an application with the trial court stating the grounds of the appeal, the points upon which he relied, and the portions of the reporter's notes necessary to be transcribed in order fairly to present the points relied on. The court was required within two days to make an order designating the portions to be transcribed but if the court failed within that time to issue the order the reporter was required to make the transcription as requested.

It is unnecessary to conjecture whether the foregoing addition to the Penal Code was for the purpose of overcoming the effect of the decision in the Richards case, but it may well be concluded that it did so. That is to say, the requirement for a court order within the specified time and in the absence thereof the mandate that the reporter make the transcription as requested, operated to provide a transcript at state expense pursuant to section 274 of the Code of Civil Procedure.

In the Richards decision the court gave no consideration to the effect of the provisions of section 274 requiring payment of the cost of the reporter's transcript by the parties in civil matters and omitting requirements for the payment of that cost by the defendant in a criminal case. If as indicated by the Richards decision the effect of that language was not clear, section 1247 of the Penal Code clarified the legislative intention as expressed in section 274 to the effect that the defendant in criminal cases was not to bear the cost of the reporter's transcript and was entitled to it as a matter of right subject only to the discretion of the court in designating the portions deemed necessary to make a fair record on appeal. This discretion was limited to the indication, within the time specified, of the portions of the transcript required to present the points on the appeal, with the result that the reporter was required to furnish the transcript at the cost of the state by virtue of the court order or in the absence thereof by the mandate of the statute.

When the rule-making power was vested in the Judicial Council by the Constitution in 1927, section 1247 of the Penal Code was continued in force until the exercise of that power (Const. art. VI, § 1a, adopted 1926, Stats. 1927, p. 1048).

In 1928, pursuant to the power so vested "Rules of Court" were promulgated (204 Cal. xxxix). Section 7 of Rule II (Appeals in Criminal Cases) contained provisions which were substantially a copy of former section 1247 of the Penal Code. The rule continued without substantial change (213 Cal. xxxv, xxxix; 18 Cal.2d 1, 5) until "Rules on Appeal" were adopted by the Judicial Council effective July 1, 1943 (22 Cal.2d 1). Part V thereof deals with "Appeals in Criminal Cases." Because of changes in procedure and practical difficulties in the designation by trial judges of only relevant portions of the testimony (see article, Witkin, *New Rules on Appeal*, 17 So.Cal.L.Rev. 232, 275 et seq.) the application for a court order to obtain the normal reporter's transcript was omitted (rule 33(a)). Discretionary authority to designate

the portions of the reporter's transcript was continued only as to any additional transcript requested. (Rule 33(b).) Thus the preexisting requirements regarding an order of court were retained as to the additional portions requested (rule 33(b), (3)), and the necessity for the preparation of the normal reporter's transcript continued without an order (rule 35(b)). As hereinbefore indicated this court subsequently recognized the appealing defendant's right in a criminal case to have the record on appeal furnished at the expense of the state. (*In re Paiva, supra,* 31 Cal.2d at pp. 508, 510.)

It is contended by the People that a provision affording a free transcript to an appealing defendant in a criminal case is a matter of substantive law; that the action of the Judicial Council concerned a matter of substance; and that since the power delegated was restricted to the promulgation of rules of practice and procedure not inconsistent with laws then or thereafter in force (Const. art. VI, § 1a(5); see, also, Pen. Code, § 1247k added by Stats. 1941, p. 1945 and amendments), the Council has exercised an undelegated power.

The answer is that the Judicial Council has not created the defendant's right to a transcript at state expense. The adoption of the rule was merely a recognition of the law as it existed at the time of the exercise of the rule-making power and the rule was consistent with the right.

Let the order issue as prayed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—I concur in the conclusion that, as a matter of right upon an appeal from a judgment of conviction, the defendant is entitled to a reporter's transcript at the expense of the state. However, I disagree with the classification of *In re Paiva,* 31 Cal.2d 503, as "a criminal case."

Ten years after he was convicted, Paiva commenced a proceeding for relief from the judgment by a writ of error *coram nobis.* The application made by him for a transcript of the evidence offered and received upon the issue of his right to such a writ was made upon the ground that, without it, he could not adequately present his appeal from an adverse order. By long usage, an application for a writ of error *coram nobis* has been regarded as civil in nature and, in my opinion, there is no sound basis for placing it in the category of a criminal action.

For the reasons which I stated in the Paiva case (31 Cal.2d at p. 511), I do not consider that decision to be an authority which should control the decision upon the present application for a transcript. Obviously one who is appealing from a judgment of conviction is in an entirely different position from a petitioner who is seeking to set aside a judgment by a proceeding which has been characterized as a "collateral attack" upon it. (*People* v. *Superior Court*, 4 Cal.2d 136 [47 P.2d 724].)