594 P.2d 104

**In the Matter of the APPEAL IN MARI-COPA COUNTY, JUVENILE ACTIONS NOS. J–86384 AND JS–2605.**

**No. 1 CA–JUV 87.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 27, 1979.

Rehearing Denied April 16, 1979.

Review Denied May 1, 1979.

John A. LaSota, Jr., former Atty. Gen. by Melinda Garrahan, Asst. Atty. Gen., Phoenix, for appellee.

Snell & Wilmer by Lawrence F. Winthrop, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

This is an appeal from a minute entry order of the juvenile court terminating the parent-child relationship between appellant mother and two of her children. The sole issue is whether the appeal was perfected on time and in the proper procedural manner to confer jurisdiction on this court. This issue arose on appellee's motion to dismiss the appeal as late,[1] which was incorporated into its response to the notice of appeal, and from the court's own examination of the record to determine its jurisdiction. As the court has determined that it does not have jurisdiction, the appeal must be dismissed. This is normally done by an unpublished order. However, because of the importance and recurring nature of the jurisdictional issue involved, the court wishes to dispose of this matter by an opinion.

The proceedings before the juvenile court were initiated by a juvenile petition alleging that the two minor children involved were dependent children. Subsequently, a petition for termination of the parent-child relationship between the parents and the children was also filed. This second peti-

---

1. Appellee's motion is predicated upon the time limitations imposed under Rule 25, Rules of Procedure for the Juvenile Court, requiring an appeal to be filed within 15 days of the minute entry order.

tion was based on the grounds that the father of one child had abandoned him (the father of the other child was deceased), and that the mother of the children was unable to discharge her parental responsibilities because of mental illness or deficiency, which was reasonably likely to continue for a prolonged indefinite period. The allegations of and the relief sought by the termination petition make it clear that it was filed pursuant to A.R.S. §§ 8–531 through 8–544.

The dependency and the termination petitions were consolidated for hearing. On October 24, 1978, a minute entry order was entered granting the termination of the parent-child relationship as to both parents as requested in the petition to terminate, and directing petitioner's counsel "to prepare specific Findings of Fact, Conclusions of Law, and the formal Order as is required by A.R.S. § 8–538." Apparently no such order was ever prepared, as none appears in the record before this court.

On November 9, 1978, the mother (appellant here) filed a notice of appeal and memorandum purporting to appeal from the minute entry order of October 24, 1978. Appellee responded to this notice of appeal with a memorandum both on the merits and which urged dismissal of the appeal as untimely under Juvenile Rule 25, as the notice was not filed within 15 days after the minute entry order.

In support of its position that the appeal was untimely, appellee relied on two cases from Division 1 of this court. *In the Matter of the Appeal in Maricopa County, Juvenile Action*, 26 Ariz.App. 518, 549 P.2d 613 (1976), and *In the Matter of the Appeal in Maricopa County, Juvenile Action*, 26 Ariz. App. 485, 549 P.2d 580 (1976). Both of these cases held that appeals in termination of parent-child relationship cases were governed by the Juvenile Rules, and that any appeal must be taken pursuant to Juvenile Rule 25 within 15 days after the entry of the minute entry order. No review by the

Supreme Court was sought in either of these cases.

However, based upon the Arizona Supreme Court's decision in *In re the Appeal in Pima County, Adoption of B–6355 and H–533,* 118 Ariz. 111, 575 P.2d 310 (1978), which, in our tentative opinion, set aside the holdings of this court in the termination cases, this court advised both parties that the present appeal was governed by the statutory provisions on termination [2] rather than by the Juvenile Rules, that a written order was therefore required, that the Arizona Rules of Civil Appellate Procedure governed the appeal time and procedure and that this appeal was therefore premature rather than late. This court also suggested that the appeal be suspended under the procedure of *Eaton Fruit Co. v. California Spray-Chemical Corp.,* 102 Ariz. 129, 426 P.2d 397 (1967), in order to permit the entry of a written order by the juvenile court, after which the appeal could be perfected under the Arizona Rules of Civil Appellate Procedure. The parties were asked to comment upon our tentative conclusion and submit any contentions they deemed appropriate. Both parties have done so. Both contend that the supreme court's adoption decision, 118 Ariz. 111, 575 P.2d 310, relates only to adoption cases and has no application to termination proceedings, and that the Juvenile Rules govern this and other termination appeals. In their view, this appeal was properly attempted to be perfected under the Juvenile Rules and this court's previous decisions. Since the parties have thus declined to obtain a written order and perfect an appeal therefrom, and since we find that this appeal is governed by the rules applicable to civil appeals and that we have no jurisdiction, this appeal must be dismissed.

■ We should first point out that this court has the obligation to determine its own jurisdiction, and that the parties may not stipulate to our jurisdiction, if, in fact,

---

2. The statutes governing termination provide under A.R.S. § 8–538 that: "Every order of the court terminating the parent-child relationship . . . shall be in writing . . . ." and under A.R.S. § 8–543 that: "The procedure of such an appeal shall be governed by the same provision [sic] applicable to appeals from the superior court."

none exists. *Rueda v. Galvez,* 94 Ariz. 131, 382 P.2d 239 (1963); *City of Tucson v. Wondergem,* 4 Ariz.App. 291, 419 P.2d 552 (1966). Our inquiry is thus directed to a determination of whether the rationale of the supreme court's adoption case is controlling as to the manner in which appeals of parental termination cases are to be handled, that is, under the rules governing appeals in juvenile cases or the rules governing appeals in civil cases.

In the supreme court adoption case, the appeal had been perfected under the Arizona Rules of Civil Procedure and was proper and timely thereunder. If the Juvenile Rules were applicable, however, the appeal would have been untimely. In its opinion in that case, Division 2 of this court (118 Ariz. 111, 127, 575 P.2d 310, 326 (App.1977)) in ruling on a motion to dismiss based upon this court's holding in *Juvenile Action No. JS–834,* stated that it agreed with the principles enunciated therein, but held that case inapplicable because it was decided after the notice of appeal was filed in the adoption case and should not be applied retroactively. 118 Ariz. at 130, 575 P.2d at 329.

In Juvenile Action No. JS–834, *supra,* relied on by Division 2, Division 1 of this court concluded that a conflict existed between the statutory appeal procedure (making the appeal subject to the rules governing civil appeals), and the Juvenile Rules on appeal. This conflict was resolved in favor of the Juvenile Rules under the supreme court's rule-making power. Upon review of the Division 2 opinion, the supreme court found that A.R.S. § 8–122 (making appeals of adoption orders subject to the rules applicable to civil appeals) applied to adoptions even though the matter originated from the juvenile court. In reaching this conclusion, the court stated:

"We do not, however, find a conflict between A.R.S. § 8–122 and the appellate

provisions of the rules for Juvenile Court. The matters dealt with in the rules for Juvenile Court are those listed in Article VI, Section 15 of the Arizona Constitution. The foregoing constitutional provision deals with the grant of exclusive authority by the Superior Court in all proceedings and matters affecting dependent, neglected, incorrigible, or delinquent children or children under the age of eighteen who are accused of crime. Adoption matters are not included either in the foregoing constitutional provision nor were they intended to be included within the rules for the Juvenile Court. We hold that appeals in adoption matters are governed by the same rules applicable to appeals in civil cases." 118 Ariz. at 114, 575 P.2d at 313.

Thus, the underlying rationale of the supreme court's holding was that only those functions of the juvenile court falling within the constitutional grant of authority were to be covered by the Juvenile Rules (at least insofar as appeals are concerned).

Article VI, § 15, of the Arizona Constitution lists the following cases as being within the exclusive jurisdiction of the superior court:

"all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years."

We note that cases involving termination of the parent-child relationship are not enumerated therein any more than are adoption cases. While a finding of dependency or neglect under A.R.S. § 8–533 may result in a termination of a parent-child relationship, other grounds exist under the statute which are not embraced within the constitutional provisions so that termination cases cannot be said to be automatically included within the constitutional grant of authority.[3]

---

3. A.R.S. § 8–533 provides that the parent-child relationship may be terminated upon the following grounds:

"1. That the parent has abandoned the child or that the parent has made no effort to

maintain a parental relationship with the child. . . .

"2. That the parent has neglected or wilfully abused the child.

For example, termination may be granted on the grounds that the parent has abandoned the child, that the parent has made no effort to maintain a parental relationship with the child, or that the parent has relinquished his or her rights to the child. None of such acts have to result in the child being dependent or neglected. A typical case could involve divorced parents where the father has disappeared or refused to support the child or otherwise abandoned him, the wife has remarried, and the new husband desires to adopt the child. In such cases, the child is usually being provided with a good home and parental care and is not at all neglected or dependent, yet termination of the father's rights may be granted. Which appellate rules apply should not turn on the facts underlying the granting or denial of relief.

Thus, in our view, there is no way of distinguishing termination cases from adoption cases under the supreme court's reasoning in 118 Ariz. 111, 575 P.2d 310, and under the holding therein, the statutes on termination and the normal rules governing civil appeals from the superior court govern appeals in termination cases. The same conclusion has been reached by the authors of the new Arizona Appellate Handbook. *See* § 6.15.

Since no written order has been entered herein, and since only written orders signed by a judge and filed with the clerk are appealable, Rule 58(a), Arizona Rules of Civil Procedure; *State v. Birmingham*, 96 Ariz. 109, 392 P.2d 775 (1964), no valid appeal has been perfected herein, and this court is without jurisdiction except to dismiss the attempted appeal.

The appeal is dismissed.

SCHROEDER, P. J., and OGG, C. J., concurring.

"3. That the parent is unable to discharge the parental responsibilities because of mental illness . . . .

"4. That the parent is deprived of his civil liberties due to the conviction of a felony . . . . .

"5. That the parents have relinquished their rights to a child to an agency or have consented to the adoption."