623 P.2d 367

In the Matter of the Appeal in Maricopa County, Juvenile Action No. JS–2085.

STATE of Arizona, Petitioner-Appellee,

v.

Elisa Aguayo GARZA, Respondent-Appellant.

No. 1 CA–CIV 5398.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 22, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., C. Eileen Bond, Asst. Atty. Gen., Phoenix, for petitioner-appellee.

Benito Salazar, Phoenix, for respondent-appellant.

## OPINION

PER CURIAM.

The question presented is whether the 1979 amendment to A.R.S. § 8–236 is constitutionally valid insofar as it makes the appeals provisions of the Rules of Procedure for Juvenile Court applicable to appeals from parental termination proceedings [1] or whether it is an unlawful legislative encroachment upon the Arizona Supreme Court's rulemaking authority provided in Ariz.Const. art. VI, § 5, par. 5.[2] The issue was first brought to this court's attention by appellee's motion to dismiss appeal. After the parties were given the opportunity to file supplemental memoranda, the issue was taken under advisement. We now determine that A.R.S. § 8–236 lawfully applies to parental determination proceedings and that the appeal must be dismissed as having been untimely filed. Although we

---

1. A.R.S. §§ 8–531 through –544.

2. Art. VI, § 5, par. 5 provides that the supreme court shall have the "[p]ower to make rules relative to all procedural matters in any court."

would normally render this decision in an unpublished order, because of the constitutional question involved and the substantial interest to litigants, we issue this decision in the form of a published opinion.

The procedural facts framing the issue on appeal reflect that on March 10, 1980, after making the requisite jurisdictional finding determining that the juvenile's natural mother and father had abandoned the child for more than six months and concluding that termination of parental rights was authorized by A.R.S. § 8–533(1), the Maricopa County Juvenile Court issued its minute-entry order terminating appellant's parental rights. A formal written order conforming to the minute entry was lodged with the court by appellant's counsel on March 17, 1980, and was approved, signed and filed on March 31, 1980. Appellant's notice of appeal was then filed on April 2, 1980, appealing from the "March 17, 1980" order. Under these time frames, if the 1979 amendment to A.R.S. § 8–236 is valid, the March 10, 1980, minute-entry order was an appealable order and the April 2, 1980, notice of appeal was filed well beyond the fifteen-day time limit provided by Rule of Procedure for Juvenile Courts 25.[3] By contrast, if the statute is invalid, Arizona Rule of Civil Appellate Procedure 9(a) would apply and the notice of appeal would have been filed well within the thirty-day time period which began with the signing and filing of the March 31, 1980, formal written order.

The question of whether the juvenile or civil rules of procedure should apply in appeals from orders terminating parental rights is not novel in Arizona. Prior to the 1979 amendment to A.R.S. § 8–236, the right to appeal from orders terminating parental rights was provided for by A.R.S. § 8–543. That statute directed that the civil rules would apply.[4] After the Arizona Supreme Court promulgated its Rules of

Procedure for Juvenile Court, including rule 1 which states that the rules "govern the procedure for all matters in the juvenile court," this court was confronted with the potential conflict between the legislative statute and the court rules. We concluded that the supreme court intended for the juvenile rules to apply to such appeals and that under the supreme court's rulemaking power, the rules superceded the statutory procedures. *In re Appeal in Maricopa County, Juvenile Action No. JS–834*, 26 Ariz.App. 485, 549 P.2d 580 (1976). This holding was, in effect, overruled, however, when the supreme court, in an appeal from an adoption proceeding, held that the juvenile rules were intended only to apply to those matters dealt with in Ariz.Const. art. VI, § 15, a category which did not include adoption matters. *In re Appeal in Pima County, Adoption of B–6355 and H–533*, 118 Ariz. 111, 575 P.2d 310, *cert. denied, Clark v. Curran*, 439 U.S. 848, 99 S.Ct. 149, 58 L.Ed.2d 150 (1978). Because the supreme court had not exercised its rulemaking authority in this specific area, the statutory procedure providing for appeals as in other civil cases pursuant to former A.R.S. § 8–122 was held applicable. In light of the supreme court's holding and the fact that art. VI, § 15 of the Arizona Constitution did not include cases involving termination of parent-child relationships, this court specifically overruled its previous decision in *Juvenile Action No. JS–834* and held that the civil procedures mandated by A.R.S. § 8–543 were operative. *In re Appeal in Maricopa County, Juvenile Action Nos. J–86384 and JS–2605*, 122 Ariz. 238, 594 P.2d 104 (App.1979).

When the legislature amended A.R.S. § 8–236, it also repealed A.R.S. § 8–122 (appeals from adoption orders) and A.R.S. § 8–543 (appeals from parental ter-

---

3. Rule 25(a) states: "An appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken."

4. A.R.S. § 8–543 provided, in part: "Any party aggrieved by any order, judgment or decree of the court may appeal to the court of appeals for review of questions of law. The procedure of such an appeal shall be governed by the same provision applicable to appeals from the superior court."

mination orders). Therefore, it is clear that the legislature specifically intended to require the expedited appeal procedures of the juvenile rules to apply in parent-child termination proceedings.

We thus reach the question of whether A.R.S. § 8-236 unlawfully infringes on the supreme court's constitutional rulemaking authority. We begin with the axiom of statutory construction that it is presumed that legislative acts are constitutional unless clearly prohibited and, whenever possible, this court should construe a statute as valid. *New Times, Inc. v. Arizona Board of Regents*, 110 Ariz. 367, 519 P.2d 169 (1974); *Arizona Podiatry Association v. Director of Insurance*, 101 Ariz. 544, 422 P.2d 108 (1966). In addition, we recognize that even though the power to make procedural rules is now vested in the supreme court pursuant to Ariz.Const., art. VI, § 5, statutory rules are deemed to be rules of court and remain in effect until modified or suspended by rules promulgated by the supreme court. *See* A.R.S. § 12-111; *State v. Blazak*, 105 Ariz. 216, 462 P.2d 84 (1969).

When the supreme court held that the juvenile rules were not meant to apply to adoption matters and that the statutory provisions of A.R.S. § 8-122 were applicable, *In re Appeal in Pima County, Adoption of B-6355 and H-533*, the court was not exercising its rulemaking authority but was exercising its judicial function of interpreting the alleged conflict between the statute and the juvenile rules. Interpretation of a statute cannot be equated with promulgation of rules for the obvious reason stated in *Blazak*:

> [T]he statutory rules accompanying the newly created statutory rights shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated by this Court pursuant to Art. 6, § 5 of the Arizona Constitution. *To attempt to promulgate such rules hastily without the necessary study and deliberation to make them effective, might produce a less than satisfactory result.*

105 Ariz. at 218, 462 P.2d at 86 (emphasis added).

We recognize that in *Blazak* the statute under attack not only promulgated rules of procedure but also created some new substantive rights and that this fact was partially relied upon by the supreme court in finding that there had been no infringement upon the constitutional rulemaking authority and separation of powers. We do not find it fatal, however, that no new substantive rights were established by the repeal of A.R.S. § 8-543 and the promulgation of the current A.R.S. § 8-236. The area of procedural law has long been one occupied by both the legislature and the judiciary even though the final authority rests with the judiciary. *See Arizona Podiatry Association v. Director of Insurance; State v. Superior Court*, 60 Ariz. 69, 131 P.2d 983 (1942). We find no reason in existing law nor in logic which would require the legislature to be entitled to only one venture into procedural law before the supreme court intervenes, provided that the legislative provision does not hamper the judicial function. Thus, we hold that the 1979 amendment to A.R.S. § 8-236 did not unconstitutionally infringe upon the supreme court's rulemaking authority.

Under our holding today, the juvenile rules are applicable to parental termination proceedings and thus the time for appeal begins to run from the date the minute-entry order issues. Rule 25(a).

Because the notice of appeal in this case was not filed within the fifteen-day period of rule 25, the appeal must be dismissed.

CONTRERAS, P. J., and FROEB, J., and McFATE, J. (Retired), concur.