752 P.2d 497

**STATE of Arizona, Respondent,**

v.

**David Lee FOWLER, Petitioner.**

**1 CA–CR 10210–PR.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 29, 1987.

---

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt Deputy Co. Atty., Phoenix, for respondent.

John M. Antieau, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for amicus curiae State of Ariz.

## OPINION

SHELLEY, Judge.

In 1981, David Lee Fowler (petitioner) was convicted of one count of sexual assault. He filed a timely appeal. In March, 1982, he filed a petition for post-conviction relief. Relief was denied by the trial court in 1982 and the petitioner timely filed a petition for review. This petition for review was consolidated with the direct appeal. The conviction was affirmed on direct appeal and review was granted but relief was denied on the petition for post-conviction relief. *State v. Fowler*, 137 Ariz. 381, 670 P.2d 1205 (App.1983). The mandate issued in 1983.

On February 28, 1986, petitioner filed another petition for post-conviction relief. The State moved to dismiss the petition for post-conviction relief because:

1. The petition was filed more than one year from the date of the mandate in the appeal and was therefore precluded pursuant to A.R.S. § 13–4234(F) (Supp. 1986); and

2. The petition was a successive petition which failed to set out petitioner's reason why petitioner should be allowed to file a successive petition, therefore it should be summarily dismissed pursuant to A.R.S. § 13–4234(F).

The trial court granted the State's motion and dismissed the petition for post-conviction relief. Petitioner timely filed a motion for rehearing, alleging that A.R.S. § 13–4234(F) is unconstitutional in that it invades the rule-making power of the Arizona Supreme Court which is exclusively granted to that court under art. 6, § 5 of the Arizona Constitution. The motion for rehearing was denied. Since a constitutional issue was raised, we requested the Attorney General to file an *amicus curiae* brief. The Attorney General filed a brief and petitioner filed a response.

Petitioner presents the following issue on review: do the time limits set forth in A.R.S. §§ 13–4232(A)(4), 13–4234(A), and 13–4234(F) unconstitutionally invade the procedural rulemaking authority of the Arizona Supreme Court? The questioned statutes read as follows:

*§ 13–4232.*

A. A petitioner shall not be given relief under this article based on any ground:

\* \* \* \* \* \*

4. *Not raised within a year of the date of the mandate* affirming his conviction.

*§ 13–4234.*

A. A proceeding is commenced by filing a petition with the clerk of the superior court in the county in which the conviction occurred on a form furnished by the clerk of the court. Except for those grounds in paragraphs 4, 5 and 7 of § 13–4231, *a petition may not be filed later than one year from the date of the mandate* of the appeals court affirming petitioner's conviction. It shall bear the caption of the original criminal action to which it pertains. On receipt of the petition, the clerk shall file a copy of the petition in the case file of each original action and promptly send copies to the county attorney and the attorney general, noting the date and manner of sending the copies in the record.

F. There shall be only one petition filed. Except for those claims raised under paragraphs 4, 5 or 7 of § 13–4231, all claims not raised in the petition are forfeited. When a claim under § 13–4231, paragraphs 4, 5 or 7 is raised in a successive petition, *the petition must set forth the reasons for not raising the claim within one year of the date of the mandate affirming the conviction.* If the petition does not state the reasons and law that substantiate the claim or if the petition does not state the reason why the petition was not brought within the one-year limitation or the petition does state these things but the court finds them lacking in veracity or credibility, the petition shall be dismissed without requiring a response. (Emphasis added)[1]

Rule 32.4, Arizona Rules of Criminal Procedure, sets up the procedure for post-conviction relief. In contrast to the statutes, Rule 32.4(A) states: "A petition may be filed *at any time* after entry of judgment and sentence." (Emphasis added.) This is the only reference to time for filing in Rule 32.

The state posits that the statutes prescribing time limits are constitutional because they involve substantive and not procedural matters, and that the legislature has the power to establish substantive rights.

In Arizona, the legislature is vested with legislative power and has plenary power to deal with any subject within the scope of government unless it is restrained by the provisions of the Constitution. *Giss v. Jordan*, 82 Ariz. 152, 159, 309 P.2d 779, 783–84 (1957). The legislature has all power not expressly prohibited or granted to another branch of the government. *Adams v. Bolin*, 74 Ariz. 269, 283, 247 P.2d

---

1. Paragraphs 4, 5 and 7 of A.R.S. § 13–4231 set forth exceptions to the one-year restriction on filing for claims that the petitioner is being held in custody past the expiration of his sentence, of newly discovered evidence, and of retroactive changes in the law that would result in the petitioner's release. These sections do not apply to the present petition.

617, 626 (1952). However, the power to make procedural rules is vested exclusively in the Arizona Supreme Court. Article 6, § 5 of the Arizona Constitution provides that: "The Supreme Court shall have: ... Power to make rules relative to all procedural matters in any court."

In *State v. Robinson*, 153 Ariz. 191, 735 P.2d 801, 806–07 (1987), the supreme court stated:

> The legislature's authority to modify the rule against hearsay, *see* Rule 802, or the exceptions contained in Rules 803 and 804, is limited by two important, related principles. First, this court promulgated the rules of evidence pursuant to our exclusive constitutional authority "to make rules relative to all procedural matters in any court." Ariz. Const. art. 6, § 5(5); *see Readenour v. Marion Power Shovel*, 149 Ariz. 442, 444, 719 P.2d 1058, 1060 (1986); *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 590, 691 P.2d 678, 681 (1984). Consequently, A.R.S. § 13–1416 is unconstitutional if it conflicts with or "tends to engulf" the rules of evidence. *Seidel*, 142 Ariz. at 591, 691 P.2d at 682.

Article 29 of the Arizona Criminal Code (A.R.S. §§ 13–4231 to 13–4240 (Supp.1986)), dealing with post-conviction relief, was added to the criminal code in 1984. Laws 1984, ch. 303, § 1. Arizona Revised Statutes §§ 13–4231 to 13–4240, except for the time limitations, are for the most part similar to the post-conviction relief procedures found in Rule 32, Arizona Rules of Criminal Procedure, promulgated prior to said statutes.

The state maintains that the one-year time limits imposed by the statute are statutes of limitation and are therefore substantive and not procedural. The state cites *State v. Fogel*, 16 Ariz.App. 246, 492 P.2d 742 (1972), in which we read:

> *Statutes of limitation in criminal cases are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct.* Unlike a statute of limitation in a civil case, a criminal statute of limitation is not a mere limita-

tion upon the remedy, but a limitation upon the power of the sovereign to act against the accused. (Emphasis added) *Id.* at 248, 492 P.2d at 744.

In 21 Am.Jur.2d, *Criminal Law*, § 223, we also read:

> Statutes of limitations in criminal cases are considered acts of grace, or a surrendering by the sovereign of its right to prosecute. They create a bar to prosecution and are therefore not merely statutes of repose as they are in civil cases. A criminal statute of limitations is not a mere limitation upon the remedy, but one upon the power of the sovereign to act against the accused.

■ Thus it is clear that in criminal law a statute of limitations deals only with the right to *commence* a criminal case. Time limits prescribed for steps to be taken subsequent to the commencement of a case are not statutes of limitation.

In *People v. Smith*, 205 P.2d 444, 448 (1949), *aff'd*, 34 Cal.2d 449, 211 P.2d 561 (1949), the court stated:

> If a rule takes away a vested right it is not procedural. If the rule creates a right such as the right to appeal it may be classified as a substantive matter, but if it operates as a means of implementing an existing right then the rule deals merely with procedure.

The one-year time limit set forth in the statutes does not take away the vested right to post-conviction relief. It merely implements the existing right by setting forth time limits in which to utilize post-conviction relief in order to achieve finality in criminal matters.

In an analogous case having to do with appeals, *State v. Birmingham*, 96 Ariz. 109, 392 P.2d 775 (1964), the Arizona Supreme Court stated:

> *We now are of the opinion that while the right to appeal is substantive the manner in which the right may be exercised is subject to control through the use of procedural rules.*

> Uniformly, the substantive law is that part of the law which creates, defines and regulates rights; whereas the adjec-

tive, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. *It is often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective.* (Emphasis added.)

*Id.* at 110, 392 P.2d at 776.

The case of *Matter of Maricopa County Juvenile Action No. JS–834,* 26 Ariz.App. 485, 549 P.2d 580 (1976), dealt with the question of whether or not time limits for filing appeals in juvenile matters were procedural or substantive. Prior to the time that the juvenile rules set forth the procedure for appeals, the legislature by statute provided for the procedure to appeal to be governed by the same provisions applicable to appeals from the superior court. A.R.S. § 8–543 (effective 1970, repealed by Laws 1979, ch. 189, § 5). The time limits for an appeal from the superior court were 60 days after the entry of an order in writing. Rules 58(a) and 73(b), Rules of Civil Procedure (Rule 73(b) deleted effective Jan. 1, 1978, see now, Rule 9(a), Rules of Civil Appellate Procedure).

Effective in 1972, the Arizona Supreme Court adopted Juvenile Rule 25, which reads:

(a) An appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken.

(b) An appeal may be taken only by filing with the Clerk of the Superior Court a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, together with a concise statement of the grounds for the appeal supported by a memorandum of authorities. If oral argument is requested, it shall be separately indicated at the time of filing the notice of appeal.

In the juvenile case, there were two major differences between the rule and the statute: (1) the juvenile rules do not require a written order for appealability while the statute did so require; and (2) instead of a 60–day time limit for filing an appeal, an appeal had to be filed within 15 days after the minute entry ordering the termination. We held that the juvenile rules superseded, and thus eliminated, the statutory appellate procedure. We stated:

The right to appeal is substantive and can be created only by constitution or statute. *State v. Birmingham,* 95 Ariz. 310, 390 P.2d 103 (1964), *modified on rehearing,* 96 Ariz. 109, 392 P.2d 775 (1964). The substantive *right* to appeal in termination cases has been created by the Legislature in § 8–543 and is not subject to alteration or diminution by the Supreme Court. *Ibid. However, the procedural aspects of perfecting and processing such an appeal may be and are regulated exclusively by the Supreme Court.* Ariz. Const., Art. VI, Sec. 5; *Arizona Podiatry Assn. v. Director of Insurance,* 101 Ariz. 544, 422 P.2d 108 (1966); *State v. Birmingham,* 96 Ariz. 109, 392 P.2d 775 (1964).

When a new substantive right is created by the Legislature accompanied by procedural provisions for implementing it, such as in A.R.S. § 8–543, the statutory procedures are regarded as rules of the Supreme Court until modified by rules promulgated by that Court, and when so promulgated, the Court rules take precedence over the previously prescribed statutory procedures. (Emphasis added.)

*Juvenile Action No. JS–834,* 26 Ariz.App. at 488–89, 549 P.2d at 583–84.[2]

**2.** Subsequent cases changed the result in Juvenile No. JS–834. In *Clark v. Curran,* 118 Ariz. 111, 575 P.2d 310, *cert. denied,* 439 U.S. 848, 99 S.Ct. 149, 58 L.Ed.2d 150 (1978), the supreme court held that rules governing civil appeals applied to appeals in adoption matters because adoption matters were not specifically listed in Ariz. Const. art. VI, § 15, the provision granting exclusive authority to the superior court in juvenile matters. Relying on the rationale used in *Clark,* we set aside the holding in *Juvenile No. JS–834.* In *In re Appeal in Maricopa County, Juvenile Actions Nos. J–86384 and JS–2605,* 122 Ariz. 238, 594 P.2d 104 (App.1979), we held that

■ The time limits set forth in the statutes in question are analogous to an appeal. The right to post-conviction relief is substantive but the time limits are purely procedural.

In *Daou v. Harris*, 139 Ariz. 353, 358, 678 P.2d 934, 939 (1984), the court held that reasonable time limits placed by the courts upon the exercise of substantive rights are procedural. *See also State v. Connery*, 99 Nev. 342, 661 P.2d 1298 (1983); *State v. Doe*, 90 N.M. 568, 566 P.2d 117 (App.1977). *But cf. Ramagli Realty Co. v. Craver*, 121 So.2d 648 (Fla.1960) (the legislature, not the judiciary, determines the time in which appeals may be taken).

In *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984), the Arizona Supreme Court stated:

That we possess the rule-making power does not imply we will never recognize a statutory rule. We will recognize "statutory arrangements which seem reasonable and workable" and which supplement the rules we have promulgated. *Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973). *However, when a conflict arises, or a statutory rule tends to engulf a general rule of admissibility, we must draw the line.* The legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in article 6, § 5. (Emphasis added.)

The one-year time limit provided for in the statutes, being in conflict with Rule 32, is unconstitutional. Our decision is not a criticism of the statute or the policy of finality embodied in it. Indeed, the supreme court may well decide in the future to adopt a similar limitation. We hold only that the statute unconstitutionally invades the province of the supreme court's rule-making authority.

the rules governing civil appeals also governed appeals in termination proceedings. We noted that, like the adoption proceedings in *Clark,* termination proceedings fell outside the constitutional grant of authority in art. VI, § 15 and, therefore, the appellate provisions of the juvenile rules did not apply.

The legislature, however, subsequently codified the holding in *Juvenile No. JS–834.* A 1979

■ The state further asserts that when the legislature enacted §§ 13–4231 through –4240 in 1984, this displaced the post-conviction remedies to which the procedural provisions of Rule 32 applied, and that there is no longer anything for the procedural provisions of Rule 32 to apply to. We disagree with this position. The comment following Rule 32.3 is instructive. It states: "Rule 32 is intended to provide a standard procedure for accomplishing the objectives of all constitutional, statutory, or common law post-trial writs and remedies except those specified in this section." The excepted post trial remedies in the section are: post trial motions, appeals and habeas corpus.

By enacting the statutes in question, the legislature did not establish any new substantive rights. Even if we were to assume that the statutes had set up new substantive rights, those rights would be solely found in § 13–4231. That statute is substantively and almost word-for-word identical to Rule 32.1. Therefore, not being in conflict, they may co-exist and the rules of procedure continue to apply.

Even if we were to assume that § 13–4231 supplants Rule 32.1, the procedural provision of Rule 32 would still apply. There is no substantive change in the rights to which the rules are tailored to apply.

The state argues, however, that even if the one-year time limit for filing a petition for post-conviction relief is procedural, it clearly reflects a "major public policy decision" by our legislature to limit the time for the filing of a petition for post-conviction relief. Without deciding whether or not the statute represents a "major" public policy decision, we find *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978), which is relied upon by the state, to be

amendment to A.R.S. § 8–236 made the appeals provisions of the Rules of Procedure for the Juvenile Court applicable to appeals from parental termination proceedings. We held that this amendment did not constitutionally infringe upon the supreme court's rule-making authority. *State v. Garza,* 128 Ariz. 8, 623 P.2d 367 (App.1981).

inapposite here. In that case, in upholding the constitutionality of a Colorado statute against the claim that it invaded the supreme court's rule-making powers, the court was careful to note it had not adopted a rule in conflict with the statute. The court then held:

> Therefore, in the absence of any conflicting rule adopted by this court, and in view of the instant statute's mixed policy and procedural nature, we hold that [the statute] does not unconstitutionally intrude into matters exclusively judicial....

196 Colo. at 373, 585 P.2d at 279. In the instant case, as we have previously noted, the one-year time limit provided for in A.R.S. § 13–4234 is in conflict with Rule 32.

■ We must now determine whether or not A.R.S. § 13–4232(A)(4), the second sentence of § 13–4234(A) and § 13–4234(F) are severable from the rest of said sections.

In the case of *State v. Watson*, 120 Ariz. 441, 445, 586 P.2d 1253, 1257 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), we read:

> Severability is a question of legislative intent. We have stated:
> " ' * * * the valid part of a statute will be sustained where the valid and invalid parts are so separate and distinct that it is clear or may be presumed that the legislature would have enacted the former without the latter, if it had known of the invalidity, or, as otherwise stated, if the valid or invalid parts are not so intimately connected as to raise the presumption that the legislature would not have enacted the one without the other, the act will be upheld so far as valid. * * * ' (citation omitted)
>
> \* \* \* \* \* \*
>
> " 'To be capable of separate enforcement, the valid portion of an enactment must be independent of the invalid portion and must form a complete act within itself. The law enforced after separation must be reasonable in light of the act as originally drafted. The test is whether or not the legislature would have passed the statute had it been presented with

the invalid features removed.' (citation omitted)"

Section 13–4232(A)(4), the second sentence of § 13–4234(A), and § 13–4234(F) are severable from the remaining portion of those sections. They are not so intimately connected with the rest of the section as to raise the presumption that the legislature would not have enacted the one without the other.

■ The state posits, alternatively, that the order of the trial court should be upheld based on the preclusion provisions of Rule 32.2, contending that the trial court's ruling should be affirmed if its result is correct even though it is based upon the wrong reasons. We cannot apply this rule here. It would appear that the trial court based its ruling strictly upon the one-year time limitation of the statutes. Additionally, the issue of preclusion was never presented or argued to the trial court as required by Rule 32.2(d).

The state further argues that petitioner's motion for rehearing was untimely. This argument was never presented to the trial court and we will not consider it for the first time on review.

For the foregoing reasons, review is granted and relief is granted. This matter is remanded to the superior court with directions to reinstate the petition for post-conviction relief. The state shall be allowed to file an amended response to the petition for post-conviction relief.

BROOKS, J., concurs.

KLEINSCHMIDT, Judge, concurring.

I concur in the result. I do not find the distinctions drawn by many of the cases cited by the majority between what is "procedural" and what is "substantive" to be very helpful. I tend to agree with the observation of the Colorado Supreme Court in *Page v. Clark*, 197 Colo. 306, 314–15, 592 P.2d 792, 800–01 (1979), that a particular rule may be procedural in one context and substantive in another, depending on the underlying social policies of the competing rule of court and statute. Viewed this way, a very strong argument can be made

that the legislative policy of finality embodied in A.R.S. § 13–4234(F) ought to prevail in this case. Given cases like *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984) (reasonable time limits are procedural), and the fact that the right to prescribe the rules of evidence, a field in which there is great room for fundamental policy considerations to operate, remains a province of the supreme court, I cannot say that the statutory one year limitation is substantive. Nor can I say that the statute is "reasonable and workable" in relation to the rule so that the two can co-exist. *See State ex rel. Collins v. Siedel,* 142 Ariz. 587, 691 P.2d 678 (1984).