762 P.2d 540

**STATE of Arizona, Respondent,**

v.

**Angelina Preciado BEJARANO, Petitioner,**

**No. CR–88–0206–PR.**

Supreme Court of Arizona, En Banc.

Sept. 20, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, Stephen D. Neely, Pima County Atty., Tucson, for respondent.

Constance L. Trecartin, Tucson, for petitioner.

HOLOHAN, Justice.

The petitioner Bejarano filed a petition for post-conviction relief in the superior court. 17 A.R.S., Rules of Crim.P., Rule 32. The superior court summarily denied relief pursuant to Rule 32.6(c), Rules of Criminal Procedure. The petitioner sought review in the Court of Appeals.

Division 2 of the Court of Appeals denied review by an order which stated:

ORDERED: It appearing that the petition for post-conviction relief was filed more than one year following the issuance of the mandate in this case, and that petitioner has not raised a claim involving being held in custody after the expiration of her sentence, newly-discovered material facts, or a significant change in the law within the meaning of A.R.S. Sec. 13–4231(4), (5) or (7), and it

further appearing that the trial court was correct in summarily dismissing the petition pursuant to A.R.S. Sec. 13–4232(A)(4), the petition for review is denied.

After the ruling by the Court of Appeals, petitioner filed a petition for review by this court pursuant to Rule 32.9(f), Rules of Criminal Procedure, challenging the constitutionality of the Post–Conviction Relief statutes. A.R.S. § 13–4231 *et seq.* We granted review to consider whether the challenged statutes violate the separation of powers provision of Article III of the Arizona Constitution.

Division 1 of the Court of Appeals in *State v. Fowler*, 156 Ariz. 408, 752 P.2d 497 (App.1987), held that the provisions of A.R.S. § 13–4232(A)(4), § 13–4234(A) and § 13–4234(F) were unconstitutional because they invaded the rule-making authority granted by the Arizona Constitution to the state supreme court. Ariz. Const. art 6, § 5(5).

We denied review of *Fowler* on February 2, 1988, the same day that Division 2 of the Court of Appeals issued its order in this case. Thus, Division 2 did not have the benefit of our action on the issues presented in *Fowler*. To remove any question about the effect of our denial of review in *Fowler*, we take this opportunity to state that we approve the decision set forth in the majority opinion in *State v. Fowler*.

The order of the Court of Appeals in this case is vacated. We suspend the rules and remand the matter to the Court of Appeals for reconsideration of whether the summary denial of relief by the superior court was proper under Rule 32, Rules of Criminal Procedure.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, and MOELLER, JJ., concur.