2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred F. THOMAS, Petitioner-Appellant,
v.
Joe C. MARTINEZ, Warden, ASPC-F-SU; Robert K. Corbin,
Attorney General, Respondents-Appellees.
 No. 92-15781.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Francis Thomas, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court determined that Thomas had procedurally defaulted some of his claims, and resolved the remaining claims on the merits. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Thomas was convicted of first degree murder and sentenced to life in prison. He appealed his murder conviction to the Arizona Supreme Court, with the assistance of counsel. Thomas and his counsel each filed a brief. His direct appeal was stayed while Thomas filed a Rule 32 petition for post-conviction relief in the trial court. The trial court denied his petition after an evidentiary hearing. Thomas filed a motion for rehearing, which was denied. Thomas then filed a petition for review to the Arizona Supreme Court, encompassing both the issues originally raised on direct appeal and the issues raised in his Rule 32 petition. The Arizona Supreme Court issued an opinion affirming Thomas' conviction, and rejecting all but one of his contentions.[1]
 
 
 4
 Five years later, Thomas filed a second Rule 32 petition in the trial court, raising several new issues. Thomas was not represented by counsel on this petition. The trial court dismissed his petition on the basis of preclusion, pursuant to an Arizona statute requiring that all post-conviction claims be raised within one year. Thomas filed a petition for rehearing, which the trial court rejected. Thomas then filed a petition for review to the Arizona Supreme Court, which was denied without comment. Finally, Thomas filed the federal habeas petition which is the subject of this action.
 
 Procedural Default
 
 5
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. McQuown, 795 F.2d at 809; Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986). However, the petition should not be dismissed for failure to exhaust if the petitioner has no state remedies available when the federal petition is filed. Engle v. Isaac, 456 U.S. 107, 125-26, n. 28 (1982).
 
 
 6
 The federal courts may not review a question decided by a state court if the decision of the state court clearly and expressly relies on an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54, 2557 (1991). If the highest state court does not explain the reason for denying a claim, the federal court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 7
 A petitioner who has failed to timely pursue available state remedies must show cause for the procedural default and prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984). A pro se petitioner's ignorance of state procedures does not constitute cause for a procedural default. Hughes, 800 F.2d at 909.
 
 
 8
 Thomas has raised several claims for the first time in his federal habeas petition. His claims that his counsel was ineffective for failing to investigate Thomas' competency, that Arizona's sentencing laws violate due process and equal protection, and that the Arizona law governing parole, pardons, and good-time credits for prisoners serving a life sentence violates the eighth amendment prohibition on cruel and unusual punishment, have never been presented to the Arizona courts. Accordingly, they have not been exhausted. See McQuown, 795 F.2d at 809. Because Thomas has no available state court remedies, we must determine whether he has shown cause and prejudice for his failure to bring these claims in state court. See Reed, 468 U.S. at 11; Engle, 456 U.S. at 125-26, n. 28. Thomas has indicated no reason why he did not pursue these claims on direct appeal or in his Rule 32 petitions. Accordingly, we find that he has not shown cause for his procedural default, and decline to address these claims.
 
 
 9
 Thomas raised several claims for the first time in his second Rule 32 petition to the trial court. He now seeks to raise one of these claims in federal habeas: that he was denied counsel during a critical stage of the proceedings, and that his counsel was ineffective for failing to raise this claim earlier. The trial court dismissed Thomas' second Rule 32 petition, finding that the issues raised therein were precluded, pursuant to Rule 32 and Ariz.Rev.Stat.Ann. Sec. 13-4232. When Thomas' petition was decided, that statute required that challenges to a conviction must be brought within one year of issuance of the mandate affirming the conviction. See State v. Fowler, 752 P.2d 497, 499 (Ariz.Ct.App.1987). The Arizona Supreme Court denied Thomas' petition for review of this decision without comment or citation.
 
 
 10
 Because the Arizona Supreme Court did not indicate the reasons for denying the petition, we must look back to the trial court's decision to determine whether the claim is procedurally barred. See Ylst, 111 S.Ct. at 2594. Because the trial court expressly relied on a state procedural bar in dismissing the petition, Thomas must show cause for failing to timely raise this claim, and prejudice resulting from the alleged violation. See Coleman, 111 S.Ct. at 2565. Thomas alleges that his counsel should have raised this issue earlier. However, Thomas had the opportunity to raise this issue himself when he filed his first Rule 32 petition. To the extent that Thomas alleges that he did not raise this issue because of his lack of legal knowledge, this does not constitute cause for his procedural default. See Hughes, 800 F.2d at 909. Because Thomas has not shown cause for his procedural default, we decline to review this claim.
 
 
 11
 Thomas has forgone review of several of his claims, and has expressly limited this appeal to the following substantive issues: whether the trial court's admission of hypnotically refreshed testimony denied him a fair trial; and whether his counsel was ineffective for failing to object to this testimony, failing to consult with Thomas about this testimony, and failing to investigate and subpoena witnesses at trial.
 
 Hypnotically Enhanced Testimony
 
 12
 In Thomas' trial, a witness who had undergone hypnosis was allowed to testify for the prosecution. That witness, Mickelson, corroborated the testimony of Thomas' codefendants that Thomas had taken each of them aside and told them that the victim was dangerous, a "snitch," and had to be killed. Mickelson was not present when the victim was killed, but the codefendants were, and testified that Thomas was the ringleader of the killing, with one of the codefendants, Lindsey, participating to a lesser degree.
 
 
 13
 The Arizona Supreme Court held that the admission of Mickelson's testimony violated the Confrontation Clause of the sixth amendment but was harmless beyond a reasonable doubt, and the district court deferred to this holding. We do not decide whether the Confrontation Clause was violated because even if it was, the error does not warrant habeas relief. A petitioner must establish that an alleged trial error had a substantial and injurious effect or influence on the jury's verdict to warrant relief in habeas corpus. Brecht v. Abrahamson, 113 S.Ct. 1710, 1721 (1993). Mickelson's testimony was merely cumulative, and there was more than sufficient other evidence of Thomas' guilt to support the conviction. Thus, Thomas cannot show that the admitted evidence had a substantial and injurious effect on the jury's verdict. See id.; cf. United States v. Awkard, 597 F.2d 667, 668 (9th Cir.) (testimony of witnesses who have undergone hypnosis is admissible in the Ninth Circuit), cert. denied, 444 U.S. 885 (1979). Accordingly, we find that Thomas is not entitled to habeas relief on this claim.
 
 Ineffective Assistance of Counsel
 
 14
 To show ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). The petitioner must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts are outside the wide range of competence demanded of attorneys in criminal cases. Id.;Iaea, 800 F.2d at 864.
 
 
 15
 Thomas alleges that his counsel was ineffective for failing to object to the admission of the hypnotically refreshed testimony and failing to consult with him about this testimony. However, because we hold that the admission of this testimony, if error at all, was harmless, Thomas cannot show that these alleged errors prejudiced his defense. See Strickland, 466 U.S. at 687.
 
 
 16
 Thomas also alleges that his counsel was ineffective for failing to locate, interview and subpoena two possible defense witnesses.[2] Thomas claims that these witnesses would have testified that Thomas was framed, and did not commit the killing.
 
 
 17
 In his first Rule 32 petition, Thomas alleged that his counsel was ineffective for failing to find James Kelly and call him as a witness at trial. Kelly wrote a letter to Thomas' counsel following Thomas' conviction, indicating that Thomas' codefendants had actually killed the victim, and framed Thomas for the killing. The trial court held a hearing on this petition and found that Kelly was unavailable as a witness during the trial.
 
 
 18
 Thomas' counsel testified at the hearing that he had sent a letter to Kelly, soliciting information regarding the killing. Kelly did not respond. Counsel also testified that he asked his investigator to try to locate Kelly, but the investigator was unsuccessful. In light of these efforts, and in deference to the trial court's factual finding that Kelly was unavailable during trial, we cannot say that Thomas' counsel was ineffective in failing to find and call this witness. See 28 U.S.C. Sec. 2254(d); Strickland, 466 U.S. at 690.
 
 
 19
 Thomas also alleges that his counsel was ineffective for failing to call Officer Haws as a witness. Thomas contends that Haws, the officer who transported Thomas and his codefendants to and from court, would have testified that Thomas' codefendants conspired to have him convicted of the crime. After the hearing on Thomas' first Rule 32 petition, the trial court found that Haws' testimony would not have changed the outcome of the trial. Because the state court made an explicit factual finding, after a hearing, that Haws' testimony would not have changed the outcome of the trial, we presume this fact to be correct unless Frank demonstrates that it is clearly erroneous. See 28 U.S.C. Sec. 2254(d). We therefore hold that Thomas cannot show that his defense was prejudiced by counsel's failure to call Haws as a witness. Strickland, 466 U.S. at 687.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court agreed that Thomas was entitled to credit for time spent in custody prior to his conviction
 
 
 [2]
 In his brief to this court, Thomas identifies four potential defense witnesses that were not called to testify at trial. However, Thomas first raised his ineffective assistance claim as to two of these witnesses (Markham and Billdine) in his second Rule 32 petition. Because that petition was denied on the basis of a state procedural bar, we find that Thomas has procedurally defaulted his ineffective assistance claim regarding these two witnesses. See Coleman, 111 S.Ct. at 2565. Thomas has indicated no cause for failing to raise this claim earlier. Accordingly, we address his ineffective assistance claim only as it pertains to the witnesses mentioned in his first Rule 32 petition (Kelly and Haws)